IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APELDYN CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                    Defendants. | Civil Action No. _____<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Apeldyn Corporation ("Apeldyn") for its Complaint against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, the "Defendants") for injunctive and declaratory relief and for damages, including treble or multiple damages, for patent infringement, states and alleges as follows:

## NATURE OF THE ACTION

1.      Apeldyn is the owner of United States Patent No. 5,347,382 ("the '382 Patent" or the "Patent-in-Suit").

2.      This is a civil action for the infringement of the Patent-in-Suit, including the willful infringement of the Patent-in-Suit by Defendants.

3.      In general, the technology at issue involves improving the response time of liquid crystal material in VA mode Liquid Crystal Display modules ("LCDs").  By applying an overdrive voltage across the liquid crystal material, the liquid crystal molecules can be made to change orientation faster, which improves the quality of moving images on a liquid crystal

display.  LCDs are a type of flat panel display that are incorporated into at least LCD portable computers, LCD computer monitors, and LCD televisions.

## THE PARTIES

4.     Plaintiff Apeldyn is an Oregon corporation, having its principal place of business at 16285 SW 85th Avenue, Suite 408, Tigard, Oregon 97224.

5.     Defendant Samsung Electronics Co., Ltd. ("Samsung") is a Korean corporation, having its principal place of business at 250, 2-Ka, Taepyung-Ro, Chung-Ku, Seoul 100-742, South Korea.  Samsung manufactures LCD products in Korea and directs those products to the United States, including Delaware, through established distribution channels involving various third parties, knowing that these third parties will use their respective nationwide contacts and distribution channels to import into, sell, offer for sale, and/or use these products in Delaware and elsewhere in the United States.

6.     Defendant Samsung Electronics America, Inc. ("Samsung America") is a domestic subsidiary of Samsung that either directly or indirectly imports into, sells, and/or offers for sale its products in Delaware and elsewhere in the United States.  Samsung America is a New York corporation, having its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung America markets and sells Samsung's products throughout the United States.

## JURISDICTION AND VENUE

7.     This action is based upon and arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and in particular §§ 271, 281, 283, 284 and 285, and is intended to redress infringement of the Patent-in-Suit owned by Apeldyn.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      Defendants have transacted and continue to transact business in the United States and in this judicial district by: using or causing to be used; making or causing to be made; importing or causing to be imported; offering to sell or causing to be offered for sale; and selling or causing to be sold directly, through intermediaries and as an intermediary, a variety of products that infringe the Patent-in-Suit to customers in the United States, including customers in this judicial district, and Defendants will continue to do so unless enjoined by this Court.

10.     This Court has personal jurisdiction over Samsung and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and (d), and 28 U.S.C. § 1400(b), in that this Defendant is committing and is causing acts of patent infringement within the United States and within this judicial district, including the infringing acts alleged herein, both directly, through one or more intermediaries, and as an intermediary, and in that this Defendant has caused and causes injury and damages in this judicial district by acts or omissions outside of this judicial district, including but not limited to utilization of its own distribution channels established in the United States and Samsung Electronics' distribution channels in the United States, as set forth below, to ship a variety of products that infringe the Patent-in-Suit into the United States and into this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

11.     This Court has personal jurisdiction over Samsung Electronics and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c), and 28 U.S.C. § 1400(b), in that this Defendant is committing acts of patent infringement within the United States

- 3 -

and within this judicial district, including the infringing acts alleged herein, both directly, through one or more intermediaries, and as an intermediary.   Samsung Electronics regularly imports large quantities of Samsung LCD products into the United States for distribution throughout the United States, including in this judicial district.   Samsung Electronics is involved in the distribution of infringing LCD products and is aware that its products are sold throughout the United States, including in Delaware.   The established distribution networks of Samsung Electronics consist of national distributors and resellers, and Samsung Electronics distributes to national retailers that have stores located in Delaware.   By shipping into, offering to sell in, using, or selling products that infringe the Patent-in-Suit in this judicial district, or by inducing or causing those acts to occur, Samsung Electronics has transacted and transacts business and performs works and services in this judicial district, has contracted and contracts to supply services and things in this judicial district, has caused and causes injury and damages in this judicial district by acts and omissions in this judicial district, and has caused and causes injury and damages in this judicial district by acts or omissions outside of this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

## THE PATENT-IN-SUIT

12.     On September 13, 1994, the '382 Patent, entitled "Liquid Crystal Cell Retarder With Driving Beyond Retardance Value And Two Cells for High Speed," was duly and legally issued.   Apeldyn is the owner by assignment of all rights, title, and interest in and to the '382 Patent.   A copy of the '382 Patent is attached as Exhibit A.

13.     Apeldyn owns the Patent-in-Suit and possesses the right to sue and to recover for infringement of the Patent-in-Suit.

- 4 -

14.     Defendants have been and are infringing and inducing infringement of the Patent-in-Suit because they at least use, cause to be used, make, cause to be made, import, cause to be imported, offer for sale, cause to be offered for sale, sell, and cause to be sold in this judicial district and elsewhere in the United States products that infringe the Patent-in-Suit.

## FACTUAL BACKGROUND

15.     Apeldyn has invested substantial time and money in researching, designing, and developing the technology that is embodied in the Patent-in Suit.

16.     Apeldyn's interests in the exploitation of its patented technology in the United States and abroad have been and continue to be harmed by the Defendants' infringement of the Patent-in-Suit.

17.     The Defendants at least use, cause to be used, make, cause to be made, import, cause to be imported, offer for sale, cause to be offered for sale, sell, and/or cause to be sold in the United States and in this judicial district LCDs and/or LCD products that are encompassed by and/or made by the methods claimed in the Patent-in-Suit.

18.     The Defendants have induced and/or continue to induce the infringement of the Patent-in-Suit in the United States and in this judicial district.

19.     Defendants maintain and develop relationships with business partners, including, for example, suppliers and customers, to promote and encourage the import, offering for sale, sale and use of its infringing visual display products in the United States.

20.     Defendants actively sell to and solicit business from customers and distributors located in the United States.  Defendants coordinate with these and other third parties concerning the designs, specifications, distribution and/or placement of orders regarding such LCDs and LCD products destined for the U.S. market.

21.     Defendants also communicate with third parties to promote and encourage the use, sale, importation and/or offering for sale of these same LCDs and LCD products in and into the United States.

22.     Defendants have relationships with third parties to develop and supply the U.S. market with such LCDs and/or LCD products.

23.     Defendants communicate and meet with third parties about their LCDs and LCD products and these communications and meetings facilitate the sale, offer for sale and/or distribution of Defendants' LCDs and LCD products to customers and users in the United States.

**COUNT I**
**PATENT INFRINGEMENT OF THE '382 PATENT**
**BY SAMSUNG AND SAMSUNG ELECTRONICS**

24.     The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

25.     Defendants Samsung and Samsung Electronics have infringed, and/or induced infringement of the '382 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that are made by a method that infringes one or more claims of the '382 Patent in this judicial district and elsewhere in the United States.

26.     The products made by the infringing method that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by the Defendants meet each and every limitation of at least one claim of the '382 Patent, either literally or equivalently.

27.     Apeldyn has been and will continue to be injured by the Defendants' past and continuing infringement of the '382 Patent and is without adequate remedy at law.

28.     The Defendants have infringed and are infringing the '382 Patent with knowledge of Apeldyn's patent rights and without a reasonable basis for believing their conduct is lawful. The Defendants' infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling Apeldyn to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Apeldyn prays for judgment as follows:

A.      That Samsung and Samsung Electronics have infringed the Patent-in-Suit;

B.      That Samsung's and Samsung Electronics' infringement of the Patent-in-Suit has been willful;

C.      That Samsung and Samsung Electronics and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and selling products that infringe, and from inducing the infringement of the '382 Patent, prior to its expiration, including any extensions;

D.      That Samsung and Samsung Electronics and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them deliver to Apeldyn all products that infringe the Patent-in-Suit for destruction at Apeldyn's option;

E.      That Apeldyn be awarded monetary relief adequate to compensate Apeldyn for Samsung's and Samsung Electronics' acts of infringement of the Patent-in-Suit within the United States prior to the expiration of the Patent-in-Suit, including any extensions;

F.      That any monetary relief awarded to Apeldyn regarding the infringement of the Patent-in-Suit by Defendants be trebled due to the willful nature of Samsung's and Samsung Electronics' infringement of the Patent-in-Suit;

G.      That any monetary relief awarded to Apeldyn be awarded with prejudgment interest;

H.      That this is an exceptional case and that Apeldyn be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

I.      That Apeldyn be awarded such other and further relief as this Court deems just and proper.

June 30, 2011                                        BAYARD, P.A.

                                                    /s/ Richard D. Kirk
                                                    Richard D. Kirk (Bar I.D. 922)
                                                    Stephen B. Brauerman (Bar I.D. 4952)
                                                    222 Delaware Avenue, Suite 900
                                                    P.O. Box 25130
                                                    Wilmington, DE 19899
                                                    (302) 655-5000
                                                    rkirk@bayardlaw.com
                                                    sbrauerman@bayardlaw.com
                                                    Attorneys for Plaintiff Apeldyn Corporation