IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APELDYN CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 11-581-SLR |
| ) | |
| SAMSUNG ELECTRONICS CO., LTD. ) | |
| and SAMSUNG ELECTRONICS ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington, this 3rd day of May, 2012, having reviewed the motion to stay filed by Samsung Electronics Co., Ltd., and Samsung Electronic America, Inc. (collectively "Samsung"), and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 20) is denied without prejudice, as follows:

1. **Background.** Plaintiff Apeldyn Corporation ("Apeldyn") filed a complaint alleging infringement of its U.S. Patent No. 5,347,382 ("the '382 patent") by Samsung on June 30, 2011. (D.I. 1) Samsung was a defendant in a related case, *Apeldyn Corp. v. AU Optronics Corp.*, Civ. No. 08-568-SLR ("the '568 case"). (Civ. No. 08-568, D.I. 1) After an extensive claim construction and summary judgment practice wherein the court denied the parties' motion for summary judgment of invalidity of the '382 patent (*id.*, D.I. 628), and the subsequent denial of the parties' motions for reargument (*id.*, D.I. 653), the parties stipulated to a form of judgment (*id.*, D.I. 665). Apeldyn has appealed the court's decisions to the Federal Circuit. (*Id.*, D.I. 663)

2. A joint proposed Scheduling Order for the present case was entered on December 2, 2011. (D.I. 13) Under the current scheduling order, claim construction briefing begins on October 12, 2012 and discovery ends on February 22, 2013. Dispositive motions are due March 13, 2013; trial is set for August 7, 2013.

3. **Standard**. Motions to stay invoke the broad discretionary powers of the court. See *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (citing *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). The court asks three questions in determining whether to grant a motion to stay:

> (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set.

*Enhanced Security Research, LLC v. Cisco Sys., Inc.*, Civ. No. 09-571, 2010 WL 2573925 at *3 (D. Del. June 25, 2010) (citing *St. Clair Intellectual Prop. Consultants v. Sony Corp.*, Civ. No. 01-557, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003)).

4. **Discussion**. Samsung asks the court to stay this action pending the resolution of the '568 case insofar as a stay would "streamline [the] case, sav[e] substantial party and court resources." (D.I. 21 at 2) In support of its motion, Samsung argues that: (1) Apeldyn will not be prejudiced and Samsung will gain no tactical advantage over Apeldyn by granting a stay; (2) awaiting the Federal Circuit's decision would clarify issues in the case and could dispose of the case entirely; and (3) the case is in its infancy and discovery has not begun. (*Id.*)

5. Apeldyn responds that the case should not be stayed pending the outcome of

the appeal. (D.I. 24) Apeldyn argues that: (1) the appeal will not streamline any issues; (2) a motion to stay may prejudice Apeldyn;[1] and (3) the stage of the proceedings weighs neither in favor nor against a motion to stay. (*Id.* at 3, 8, 14)

6. Samsung is not involved with the pending appeal, which presumably will concern the court's decision not to exclude Apeldyn's expert (Civ. No. 08-568, D.I. 625); denial of AUO's motions for summary judgment of invalidity and noninfringement; and granting CMO's motion for summary judgment of noninfringement (*id.*, D.I. 628). The Federal Circuit will also review the court's claim construction *de novo*. (*Id.*, D.I. 626) Balancing the foregoing, the court will deny Samsung's motion to stay without prejudice to renew once discovery in this case has been completed.

7. **Conclusion**. For the reasons stated above, Samsung's motion to stay (D.I. 20) is denied without prejudice to renew after the close of discovery.

                                                                       *[signature]*
United States District Judge

---

[1] Apeldyn states that there is a "chance" or "fair possibility" that a stay will prejudice it by: (1) denying Apeldyn its chance in court; (2) affecting Apeldyn's ability to get key evidence; and (3) affecting Apeldyn's opposition to Samsung's laches defense. (D.I. 24 at 9, 11, 12)